# EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ERIE

RAYMOND L. WALKER, JR.
18 Benfield Place,
Tonawanda, New York 14150

                              *Plaintiff*,

vs.

CITY OF BUFFALO
1100 City Hall
Buffalo, New York 14202

CITY OF BUFFALO POLICE DEPARTMENT
1100 City Hall
Buffalo, New York 14202

POLICE OFFICER, JOHN DOE #1
a/k/a OFFICER DAVISON
1100 City Hall
Buffalo, New York 14202

POLICE OFFICER, JOHN DOE #2
1100 City Hall
Buffalo, New York 14202

POLICE OFFICER JOHN DOE #3
1100 City Hall
Buffalo, New York 14202

POLICE OFFICER, JOHN DOE #4
1100 City Hall
Buffalo, New York 14202

POLICE OFFICER, JOHN DOE #5
1100 City Hall
Buffalo, New York 14202

POLICE OFFICER, JOHN DOE #6
1100 City Hall
Buffalo, New York 14202

POLICE OFFICER, JOHN DOE #7
1100 City Hall
Buffalo, New York 14202

**SUMMONS**

CITY OF BUFFALO
DEPARTMENT OF LAW

JAN 14 2020

RECEIVED
HJ
LSF
12:37
pm

Index No.:

The basis of venue is the
Plaintiff's residence

Plaintiff designates Erie County
as the place of trial

Plaintiff resides at 18 Benfield Place
Tonawanda, New York 14150

POLICE OFFICER, JOHN DOE #8
1100 City Hall
Buffalo, New York 14202

POLICE OFFICER, JOHN DOE #9
1100 City Hall
Buffalo, New York 14202

POLICE OFFICER, JOHN DOE #10
1100 City Hall
Buffalo, New York 14202

*Defendants.*

---

TO THE ABOVE-NAMED DEFENDANTS:

**YOU ARE HEREBY SUMMONED** to answer the Complaint in this action and to serve a copy of your Answer, or, if the Complaint is not served with the Summons, to serve a Notice of Appearance, on the Plaintiff's attorneys within TWENTY (20) DAYS after the service of this Summons, exclusive of the day of service (or within THIRTY (30) DAYS after the service is complete if this Summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the Complaint.

DATED:   Buffalo, New York
         December 11, 2019

VANDETTE PENBERTHY LLP

/s/ Vincent T. Parlato
VINCENT T. PARLATO, ESQ.
227 Niagara Street
Buffalo, New York 14201
(716) 803-8400
vparlato@vanpenlaw.com

FILED: ERIE COUNTY CLERK 12/11/2019 02:39 PM
NYSCEF DOC. NO. 2

INDEX NO. 816597/2019
RECEIVED NYSCEF: 12/11/2019

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ERIE

RAYMOND L. WALKER, JR.
18 Benfield Place,
Tonawanda, New York 14150

                *Plaintiff*,

vs.

CITY OF BUFFALO
1100 City Hall
Buffalo, New York 14202

CITY OF BUFFALO POLICE DEPARTMENT
1100 City Hall
Buffalo, New York 14202

POLICE OFFICER JOHN DOE #1
a/k/a OFFICER DAVISON
1100 City Hall
Buffalo, New York 14202

POLICE OFFICER JOHN DOE #2
1100 City Hall
Buffalo, New York 14202

POLICE OFFICER JOHN DOE #3
1100 City Hall
Buffalo, New York 14202

POLICE OFFICER JOHN DOE #4
1100 City Hall
Buffalo, New York 14202

POLICE OFFICER JOHN DOE #5
1100 City Hall
Buffalo, New York 14202

POLICE OFFICER JOHN DOE #6
1100 City Hall
Buffalo, New York 14202

POLICE OFFICER JOHN DOE #7
1100 City Hall
Buffalo, New York 14202

**COMPLAINT**

Index No.:

The basis of venue is the
Plaintiff's residence

Plaintiff designates Erie County
as the place of trial

Plaintiff resides at 18 Benfield Place
Tonawanda, New York 14150

FILED: ERIE COUNTY CLERK 12/11/2019 02:39 PM
NYSCEF DOC. NO. 2

INDEX NO. 816597/2019
RECEIVED NYSCEF: 12/11/2019

POLICE OFFICER JOHN DOE #8
1100 City Hall
Buffalo, New York 14202

POLICE OFFICER JOHN DOE #9
1100 City Hall
Buffalo, New York 14202

POLICE OFFICER JOHN DOE #10
1100 City Hall
Buffalo, New York 14202

*Defendants.*

---

Plaintiff, above named, by his attorneys, VANDETTE PENBERTHY LLP, for his Complaint against the defendants, CITY OF BUFFALO, CITY OF BUFFALO POLICE DEPARTMENT, POLICE OFFICER JOHN DOE #1, POLICE OFFICER JOHN DOE #2, POLICE OFFICER JOHN DOE #3, POLICE OFFICER JOHN DOE #4, POLICE OFFICER JOHN DOE #5, POLICE OFFICER JOHN DOE #6, POLICE OFFICER JOHN DOE #7, POLICE OFFICER JOHN DOE #8, POLICE OFFICER JOHN DOE #9, POLICE OFFICER JOHN DOE #10 alleges as follows:

1. The Plaintiff, RAYMOND L. WALKER, JR., at all times hereinafter mentioned was and still is a resident of the Town of Tonawanda, located within the County of Erie and the State of New York.

2. Upon information and belief, the defendant, CITY OF BUFFALO, is a municipal corporation duly organized and existing under and pursuant to the laws of the State of New York.

3. Upon information and belief, the defendant, CITY OF BUFFALO POLICE DEPARTMENT, is a municipal corporation duly organized and existing under and pursuant to the laws of the State of New York.

4. Upon information and belief, at all times hereinafter mentioned, the defendant, POLICE OFFICER JOHN DOE #1, was and still is a resident of the County of Erie and the State of New York. Upon information and belief, POLICE OFFICER JOHN DOE #1 is known as OFFICER DAVISON.

5. Upon information and belief, at all times hereinafter mentioned, the defendant, POLICE OFFICERS JOHN DOES #2, was and still is a resident of the County of Erie and the State of New York.

6. Upon information and belief, at all times hereinafter mentioned, the defendant, POLICE OFFICER JOHN DOE #3, was and still is a resident of the County of Erie and the State of New York.

7. Upon information and belief, at all times hereinafter mentioned, the defendant, POLICE OFFICER JOHN DOE #4, was and still is a resident of the County of Erie and the State of New York.

8. Upon information and belief, at all times hereinafter mentioned, the defendant, POLICE OFFICER JOHN DOE #5, was and still is a resident of the County of Erie and the State of New York.

9. Upon information and belief, at all times hereinafter mentioned, the defendant, POLICE OFFICER JOHN DOE #6, was and still is a resident of the County of Erie and the State of New York.

10. Upon information and belief, at all times hereinafter mentioned, the defendant, POLICE OFFICER JOHN DOE #7, was and still is a resident of the County of Erie and the State of New York.

FILED: ERIE COUNTY CLERK 12/11/2019 02:39 PM
NYSCEF DOC. NO. 2

INDEX NO. 816597/2019
RECEIVED NYSCEF: 12/11/2019

11. Upon information and belief, at all times hereinafter mentioned, the defendant, POLICE OFFICER JOHN DOE #8, was and still is a resident of the County of Erie and the State of New York.

12. Upon information and belief, at all times hereinafter mentioned, the defendant, POLICE OFFICER JOHN DOE #9, was and still is a resident of the County of Erie and the State of New York.

13. Upon information and belief, at all times hereinafter mentioned, the defendant, POLICE OFFICER JOHN DOE #10, was and still is a resident of the County of Erie and the State of New York.

14. Upon information and belief, at all times hereinafter mentioned, the defendants, POLICE OFFICERS JOHN DOES #1, #2, #3, #4, #5, #6, #7, #8, #9, #10 were employed by the defendants, CITY OF BUFFALO and/or CITY OF BUFFALO POLICE DEPARTMENT as police officers, and at all relevant times mentioned herein were acting in their capacity as police officers in accordance with the policies, directives, initiatives, both express, implied, and as a matter of custom of the municipal defendants CITY OF BUFFALO and/or CITY OF BUFFALO POLICE DEPARTMENT.

15. On or about December 15, 2018, Plaintiff was operating a rental motor vehicle in the vicinity of Genesee Street, in the City of Buffalo, New York when he was stopped by, POLICE OFFICERS JOHN DOES #1 and/or #2 relative to an alleged unsafe lane change.

16. During the stop, at which time Plaintiff was initially seated in his automobile, Defendant, POLICE OFFICER JOHN DOE #1, and/or #2, and/or #3, and/or #4, and/or #5, and/or #6, and/or #7, and/or #8, and/or #9 and/or #10, without cause, physically removed

Plaintiff from the vehicle, patted Plaintiff down, and placed him in the back seat of Defendants' police vehicle.

17. Upon information and belief, while Plaintiff remained in the police vehicle, Plaintiff's vehicle was searched by Defendants, City of Buffalo POLICE OFFICERS JOHN DOES #1, #2, #3, #4, #5, #6, #7, #8, #9, #10.

18. Upon information and belief, while Plaintiff remained in the police vehicle, Plaintiff's passengers were searched by Defendants, City of Buffalo POLICE OFFICERS JOHN DOES #1, #2, #3, #4, #5, #6, #7, #8, #9, #10.

19. Upon information and belief, POLICE OFFICERS JOHN DOES #1, #2, #3, #4, #5, #6, #7, #8, #9, #10 idly watched and or participated in the search of Plaintiff and of Plaintiff's property, and of Plaintiff's passengers and their property during the unlawful and lengthy stop.

20. Plaintiff was improperly stopped, searched, and detained for an extended length of time in both the back of the police vehicle and in his own vehicle.

21. Ultimately, Plaintiff was issued a mere traffic violation information for an unsafe lane change and he was not charged with any criminal offense.

**AS AND FOR A FIRST CAUSE OF ACTION AGAINST DEFENDANTS, ABOVE-NAMED, THE PLAINTIFF, RAYMOND L. WALKER, JR. ALLEGES:**

22. Plaintiff incorporates and repeats the above paragraphs in their entirety with the same force and effect as if set forth fully herein.

23. Defendants CITY OF BUFFALO, CITY OF BUFFALO POLICE DEPARTMENT, POLICE OFFICERS JOHN DOES #1, #2, #3, #4, #5, #6, #7, #8, #9, #10 intended to confine the Plaintiff to Defendants' police vehicle and Plaintiff's own vehicle.

24. Plaintiff was conscious of this confinement which Plaintiff did not consent to.

25. The confinement of Plaintiff was done without a privilege, probable cause, reasonable cause, or reasonable suspicion to so confine the Plaintiff for the extended length of time that Defendants confined the Plaintiff.

26. As a consequence of the aforementioned, Plaintiff has been injured in a sum exceeding the monetary jurisdiction of all lower courts.

### AS AND FOR A SECOND CAUSE OF ACTION AGAINST DEFENDANTS POLICE OFFICERS JOHN DOES #1, #2, #3, #4, #5, #6, #7, #8, #9, #10, THE PLAINTIFF, RAYMOND L. WALKER, JR. ALLEGES:

27. Plaintiff incorporates and repeats the above paragraphs in their entirety with the same force and effect as if set forth fully herein.

28. Defendants POLICE OFFICERS JOHN DOES #1, #2, #3, #4, #5, #6, #7, #8, #9, #10 at all times mentioned in this Complaint were acting under color of New York State law, actionable under 42 U.S.C. § 1983.

29. Defendants POLICE OFFICERS JOHN DOES #1, #2, #3, #4, #5, #6, #7, #8, #9, #10, by falsely imprisoning the Plaintiff, violated his Fourteenth Amendment right to be free from deprivations of liberty without due process of law.

30. The Plaintiff's stop and lengthy detention was not preceded by any probable cause or reasonable suspicion to arrest or detain Plaintiff.

31. The traffic violation stop basis did not justify the lengthy detention of Plaintiff, done without his consent, to his own vehicle and to the police vehicle.

32. As a consequence of the aforementioned, Plaintiff has been injured in a sum exceeding the monetary jurisdiction of all lower courts.

### AS AND FOR A THIRD CAUSE OF ACTION AGAINST DEFENDANTS CITY OF BUFFALO AND CITY OF BUFFALO POLICE DEPARTMENT, THE PLAINTIFF, RAYMOND L. WALKER, JR. ALLEGES:

33. Plaintiff incorporates and repeats the above paragraphs in their entirety with the same force and effect as if set forth fully herein.

34. Actionable under 42 U.S.C. § 1983, as a result of the municipal policy, custom, or practice or decision of municipal policymaker with final policymaking authority, Defendants CITY OF BUFFALO and CITY OF BUFFALO POLICE DEPARTMENT took action in the instruction and/or promulgations of rules, under color of law, to cause and effect the deprivation of Plaintiff's Fourteenth Amendment right to be free from deprivations of liberty without due process of law.

35. As a consequence of the aforementioned, Plaintiff has been injured in a sum exceeding the monetary jurisdiction of all lower courts.

### AS AND FOR A FOURTH CAUSE OF ACTION AGAINST DEFENDANTS POLICE OFFICERS JOHN DOES #1, #2, #3, #4, #5, #6, #7, #8, #9, #10, THE PLAINTIFF, RAYMOND L. WALKER, JR. ALLEGES:

36. Plaintiff incorporates and repeats the above paragraphs in their entirety with the same force and effect as if set forth fully herein.

37. Defendants POLICE OFFICERS JOHN DOES #1, #2, #3, #4, #5, #6, #7, #8, #9, #10 made offensive contact with the person of plaintiff, that Defendants POLICE OFFICERS JOHN DOES #1, #2, #3, #4, #5, #6, #7, #8, #9, #10 intended to make the offensive contact without the Plaintiff's consent when he was patted down prior to being placed in the back of the Defendants' police vehicle.

38. As a consequence of the aforementioned, Plaintiff has been injured in a sum exceeding the monetary jurisdiction of all lower courts.

### AS AND FOR A FIFTH CAUSE OF ACTION AGAINST DEFENDANTS POLICE OFFICERS JOHN DOES #1, #2, #3, #4, #5, #6, #7, #8, #9, #10, THE PLAINTIFF, RAYMOND L. WALKER, JR. ALLEGES:

39. Plaintiff incorporates and repeats the above paragraphs in their entirety with the same force and effect as if set forth fully herein.

40. Defendants POLICE OFFICERS JOHN DOES #1, #2, #3, #4, #5, #6, #7, #8, #9, #10, acting under color of State Law, made offensive contact with the person of plaintiff, that Defendants POLICE OFFICERS JOHN DOES #1, #2, #3, #4, #5, #6, #7, #8, #9, #10 intended to make the offensive contact without the Plaintiff's consent when he was patted down prior to being placed in the back of the Defendants' police vehicle.

41. Defendants POLICE OFFICERS JOHN DOES #1, #2, #3, #4, #5, #6, #7, #8, #9, #10 violated Plaintiff's Fourteenth Amendment rights, actionable under 42 U.S.C. § 1983.

42. As a consequence of the aforementioned, Plaintiff has been injured in a sum exceeding the monetary jurisdiction of all lower courts.

### AS AND FOR A SIXTH CAUSE OF ACTION AGAINST DEFENDANTS POLICE OFFICERS JOHN DOES #1, #2, #3, #4, #5, #6, #7, #8, #9, #10, THE PLAINTIFF, RAYMOND L. WALKER, JR. ALLEGES:

43. Plaintiff incorporates and repeats the above paragraphs in their entirety with the same force and effect as if set forth fully herein.

44. Defendants POLICE OFFICERS JOHN DOES #1, #2, #3, #4, #5, #6, #7, #8, #9, #10 failed to intervene in the unlawful detention, false arrest, and battery of Plaintiff while

FILED: ERIE COUNTY CLERK 12/11/2019 02:39 PM
NYSCEF DOC. NO. 2

INDEX NO. 816597/2019
RECEIVED NYSCEF: 12/11/2019

their fellow officers violated the Federal Constitutional rights of the Plaintiff, actionable under 42 U.S.C. § 1983.

45. All of the Defendants POLICE OFFICERS JOHN DOES #1, #2, #3, #4, #5, #6, #7, #8, #9, #10 were at all times acting under the color of State Law.

46. Plaintiff was never charged with a criminal offense.

47. As a consequence of the aforementioned, Plaintiff has been injured in a sum exceeding the monetary jurisdiction of all lower courts.

### AS AND FOR A SEVENTH CAUSE OF ACTION AGAINST DEFENDANTS POLICE OFFICERS JOHN DOES #1, #2, #3, #4, #5, #6, #7, #8, #9, #10 , THE PLAINTIFF, RAYMOND L. WALKER, JR. ALLEGES:

48. Plaintiff incorporates and repeats the above paragraphs in their entirety with the same force and effect as if set forth fully herein.

49. POLICE OFFICERS JOHN DOES #1, #2, #3, #4, #5, #6, #7, #8, #9, #10, jointly and severally, and at all times acting under the color of State Law, unlawfully searched the person and property of Plaintiff where the Defendants, POLICE OFFICERS JOHN DOES #1, #2, #3, #4, #5, #6, #7, #8, #9, #10 lacked any founded suspicion criminal activity was afoot, reasonable suspicion, or probable cause to search the Plaintiff's person or property.

50. Said searches constituted violations of Plaintiff's Federal Constitutional Fourth Amendment rights via the Fourteenth Amendment, actionable under 42 U.S.C. § 1983.

51. As a consequence of the aforementioned, Plaintiff has been injured in a sum exceeding the monetary jurisdiction of all lower courts.

### AS AND FOR AN EIGHTH CAUSE OF ACTION AGAINST DEFENDANTS POLICE OFFICERS JOHN DOES #1, #2, #3, #4, #5, #6, #7, #8, #9, #10, THE PLAINTIFF, RAYMOND L. WALKER, JR. ALLEGES

52. Plaintiff incorporates and repeats the above paragraphs in their entirety with the same force and effect as if set forth fully herein.

53. Defendants, POLICE OFFICERS JOHN DOES #1, #2, #3, #4, #5, #6, #7, #8, #9, #10 acted negligently in failing to exercise a reasonable degree of care in stopping, searching the Plaintiff's person and property, patting down the Plaintiff's person, and detaining him for an extended length of time.

54. As a consequence of the aforementioned, Plaintiff has been injured in a sum exceeding the monetary jurisdiction of all lower courts.

### AS AND FOR A NINTH CAUSE OF ACTION AGAINST DEFENDANTS CITY OF BUFFALO AND CITY OF BUFFALO POLICE DEPARTMENT, THE PLAINTIFF, RAYMOND L. WALKER, JR. ALLEGES

55. Plaintiff incorporates and repeats the above paragraphs in their entirety with the same force and effect as if set forth fully herein.

56. Upon information and belief, Defendants CITY OF BUFFALO and CITY OF BUFFALO POLICE DEPARTMENT employed Defendants, POLICE OFFICERS JOHN DOES #1, #2, #3, #4, #5, #6, #7, #8, #9, #10, and Defendants CITY OF BUFFALO and CITY OF BUFFALO POLICE DEPARTMENT knew or should have known of the Defendants' POLICE OFFICERS JOHN DOES #1, #2, #3, #4, #5, #6, #7, #8, #9, #10's propensity for the conduct causing injury prior to the occurrence on the date of incident, including unlawful searching, battery, unlawful detention, false imprisonment, and failure to intervene in training the said Defendants.

57. The torts committed by Defendants POLICE OFFICERS JOHN DOES #1, #2, #3, #4, #5, #6, #7, #8, #9, #10 were committed in the scope of Defendants ,POLICE OFFICERS JOHN DOES #1, #2, #3, #4, #5, #6, #7, #8, #9, #10 employment.

58. As a consequence of the aforementioned, Plaintiff has been injured in a sum exceeding the monetary jurisdiction of all lower courts.

### AS AND FOR A TENTH CAUSE OF ACTION AGAINST DEFENDANTS CITY OF BUFFALO AND CITY OF BUFFALO POLICE DEPARTMENT, THE PLAINTIFF, RAYMOND L. WALKER, JR. ALLEGES

59. Plaintiff incorporates and repeats the above paragraphs in their entirety with the same force and effect as if set forth fully herein.

60. Upon information and belief, Defendants CITY OF BUFFALO and CITY OF BUFFALO POLICE DEPARTMENT employed Defendants, POLICE OFFICERS JOHN DOES #1, #2, #3, #4, #5, #6, #7, #8, #9, #10, and Defendants CITY OF BUFFALO and CITY OF BUFFALO POLICE DEPARTMENT knew or should have known of the Defendants' POLICE OFFICERS JOHN DOES #1, #2, #3, #4, #5, #6, #7, #8, #9, #10's propensity for the conduct causing injury prior to the occurrence on the date of incident, including unlawful searching, battery, unlawful detention, false imprisonment, and failure to intervene in hiring the said Defendants.

61. The torts committed by Defendants POLICE OFFICERS JOHN DOES #1, #2, #3, #4, #5, #6, #7, #8, #9, #10 were committed in the scope of Defendants POLICE OFFICERS JOHN DOES #1, #2, #3, #4, #5, #6, #7, #8, #9, #10 employment.

62. As a consequence of the aforementioned, Plaintiff has been injured in a sum exceeding the monetary jurisdiction of all lower courts.

### AS AND FOR AN ELEVENTH CAUSE OF ACTION AGAINST DEFENDANTS CITY OF BUFFALO AND CITY OF BUFFALO POLICE DEPARTMENT, THE PLAINTIFF, RAYMOND L. WALKER, JR. ALLEGES

63. Plaintiff incorporates and repeats the above paragraphs in their entirety with the same force and effect as if set forth fully herein.

64. Upon information and belief, Defendants CITY OF BUFFALO and CITY OF BUFFALO POLICE DEPARTMENT employed Defendants, POLICE OFFICERS JOHN DOES #1, #2, #3, #4, #5, #6, #7, #8, #9, #10, and Defendants CITY OF BUFFALO and CITY OF BUFFALO POLICE DEPARTMENT knew or should have known of the Defendants' POLICE OFFICERS JOHN DOES #1, #2, #3, #4, #5, #6, #7, #8, #9, #10's propensity for and history relative to the conduct causing injury prior to the occurrence on the date of incident, including unlawful searching, battery, unlawful detention, false imprisonment, and failure to intervene in retaining the said Defendants.

65. The torts committed by Defendants POLICE OFFICERS JOHN DOES #1, #2, #3, #4, #5, #6, #7, #8, #9, #10 were committed in the scope of Defendants, POLICE OFFICERS JOHN DOES #1, #2, #3, #4, #5, #6, #7, #8, #9, #10's employment.

66. As a consequence of the aforementioned, Plaintiff has been injured in a sum exceeding the monetary jurisdiction of all lower courts.

### AS AND FOR A TWELFTH CAUSE OF ACTION AGAINST DEFENDANTS CITY OF BUFFALO AND CITY OF BUFFALO POLICE DEPARTMENT, THE PLAINTIFF, RAYMOND L. WALKER, JR. ALLEGES

67. Plaintiff incorporates and repeats the above paragraphs in their entirety with the same force and effect as if set forth fully herein.

68. Upon information and belief, Defendants CITY OF BUFFALO and CITY OF BUFFALO POLICE DEPARTMENT employed Defendants, POLICE OFFICERS JOHN DOES #1, #2, #3, #4, #5, #6, #7, #8, #9, #10, and Defendants CITY OF BUFFALO and CITY OF BUFFALO POLICE DEPARTMENT knew or should have known of the Defendants' POLICE OFFICERS JOHN DOES #1, #2, #3, #4, #5, #6, #7, #8, #9, #10's propensity for and history of the conduct causing injury prior to the occurrence on the date of incident, including unlawful searching, battery, unlawful detention, false imprisonment, and failure to intervene in supervising said Defendants.

69. The torts committed by Defendants POLICE OFFICERS JOHN DOES #1, #2, #3, #4, #5, #6, #7, #8, #9, #10 were committed in the scope of Defendants POLICE OFFICERS JOHN DOES #1, #2, #3, #4, #5, #6, #7, #8, #9, #10 employment.

70. As a consequence of the aforementioned, Plaintiff has been injured in a sum exceeding the monetary jurisdiction of all lower courts.

71. This action falls within one or more of the exceptions set forth in CPLR § 1602.

72. As a result of the foregoing, the Plaintiff RAYMOND L. WALKER, JR. claims punitive damages against the Defendants, CITY OF BUFFALO, CITY OF BUFFALO POLICE DEPARTMENT, JOHN DOE POLICE OFFICER #1, JOHN DOE POLICE OFFICER #2, and JOHN DOE POLICE OFFICER #3, JOHN DOE POLICE OFFICER #4, JOHN DOE POLICE OFFICER #5, JOHN DOE POLICE OFFICER #6, JOHN DOE POLICE OFFICER #7, JOHN DOE POLICE OFFICER #8, JOHN DOE POLICE OFFICER #9, and JOHN DOE POLICE OFFICER #10 in an amount that exceeds the jurisdictional limits of all lower court that would otherwise have jurisdiction.

FILED: ERIE COUNTY CLERK 12/11/2019 02:39 PM
NYSCEF DOC. NO. 2

INDEX NO. 816597/2019
RECEIVED NYSCEF: 12/11/2019

73.  As a result of the foregoing, the Plaintiff RAYMOND L. WALKER, JR. claims general damages against the Defendants, CITY OF BUFFALO, CITY OF BUFFALO POLICE DEPARTMENT, POLICE OFFICER JOHN DOE #1, POLICE OFFICER JOHN DOE #2, POLICE OFFICER JOHN DOE #3, POLICE OFFICER JOHN DOE #4, POLICE OFFICER JOHN DOE #5, POLICE OFFICER JOHN DOE #6, POLICE OFFICER JOHN DOE #7, POLICE OFFICER JOHN DOE #8, POLICE OFFICER JOHN DOE #9, POLICE OFFICER JOHN DOE #10 in an amount that exceeds the jurisdictional limits of all lower court that would otherwise have jurisdiction.

WHEREFORE, the Plaintiff, RAYMOND L. WALKER, JR. demands judgment as follows: against the Defendants, CITY OF BUFFALO, CITY OF BUFFALO POLICE DEPARTMENT in the First and Third Causes of Action as and for punitive damages in an amount that exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction; against the Defendants, CITY OF BUFFALO, CITY OF BUFFALO POLICE DEPARTMENT in the First, Third, Ninth, Tenth, Eleventh, and Twelfth Causes of Action as and for compensatory damages in an amount that exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction; against the Defendants, POLICE OFFICER JOHN DOE #1, POLICE OFFICER JOHN DOE #2, POLICE OFFICER JOHN DOE #3, POLICE OFFICER JOHN DOE #4, POLICE OFFICER JOHN DOE #5, POLICE OFFICER JOHN DOE #6, POLICE OFFICER JOHN DOE #7, POLICE OFFICER JOHN DOE #8, POLICE OFFICER JOHN DOE #9, POLICE OFFICER JOHN DOE #10 in the First, Second, Fourth, Fifth, Sixth, and Seventh Causes of Action as and for punitive and compensatory damages in an amount that exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction; in an amount that exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction; against the Defendants,

POLICE OFFICER JOHN DOE #1, POLICE OFFICER JOHN DOE #2, POLICE OFFICER JOHN DOE #3, POLICE OFFICER JOHN DOE #4, POLICE OFFICER JOHN DOE #5, POLICE OFFICER JOHN DOE #6, POLICE OFFICER JOHN DOE #7, POLICE OFFICER JOHN DOE #8, POLICE OFFICER JOHN DOE #9, POLICE OFFICER JOHN DOE #10 in the Eighth Cause of Action for compensatory damages, and for such other, further or different relief as the Court may deem just and proper, together with the costs and disbursements of the action.

DATED:   Buffalo, New York
         December 11, 2019

VANDETTE PENBERTHY LLP

/s/ Vincent T. Parlato
VINCENT T. PARLATO, ESQ.
227 Niagara Street
Buffalo, New York 14201
vparlato@vanpenlaw.com

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF** ERIE
-----------------------------------------------------------------x
RAYMOND L. WALKER, JR.

                            Plaintiff/Petitioner,

         - against -                          Index No. 816597/2019

CITY OF BUFFALO, CITY OF BUFFALO POLICE DEPARTMENT,
POLICE OFFICER JOHN DOE#1 a/k/a OFFICER DAVISON,
POLICE OFFICER JOHN DOE #2, #3, #4, #5, #6, #7, #8, #9, #10

                        Defendant/Respondent.
-----------------------------------------------------------------x

### NOTICE OF ELECTRONIC FILING
**(Mandatory Case)**
(Uniform Rule § 202.5-bb)

**You have received this Notice because:**

    1) The Plaintiff/Petitioner, whose name is listed above, has filed this case using the New York State Courts E-filing system ("NYSCEF"), and

    2) You are a Defendant/Respondent (a party) in this case.

- **If you are represented by an attorney:**
  Give this Notice to your attorney. (Attorneys: see "Information for Attorneys" pg. 2).

- **If you are not represented by an attorney:**
  **You will be served with all documents in paper and you must serve and file your documents in paper, unless you choose to participate in e-filing.**

  If you choose to participate in e-filing, you **must** have access to a computer and a scanner or other device to convert documents into electronic format, a connection to the internet, and an e-mail address to receive service of documents.

  The **benefits of participating in e-filing** include:

  - serving and filing your documents electronically
  - free access to view and print your e-filed documents
  - limiting your number of trips to the courthouse
  - paying any court fees on-line (credit card needed)

  **To register for e-filing or for more information about how e-filing works:**

  - visit: www.nycourts.gov/efile-unrepresented or
  - contact the Clerk's Office or Help Center at the court where the case was filed. Court contact information can be found at www.nycourts.gov

To find legal information to help you represent yourself visit www.nycourthelp.gov

**Information for Attorneys**
**(E-filing is Mandatory for Attorneys)**

An attorney representing a party who is served with this notice must either:

1) immediately record his or her representation within the e-filed matter on the NYSCEF site www.nycourts.gov/efile ; or

2) file the Notice of Opt-Out form with the clerk of the court where this action is pending and serve on all parties. Exemptions from mandatory e-filing are limited to attorneys who certify in good faith that they lack the computer hardware and/or scanner and/or internet connection or that they lack (along with all employees subject to their direction) the knowledge to operate such equipment. [Section 202.5-bb(e)]

For additional information about electronic filing and to create a NYSCEF account, visit the NYSCEF website at www.nycourts.gov/efile or contact the NYSCEF Resource Center (phone: 646-386-3033; e-mail: efile@nycourts.gov).

Dated: DECEMBER 11, 2019

| | |
|---|---|
| VINCENT T. PARLATO, ESQ. | 227 NIAGARA STREET |
| Name | |
| VANDETTE PENBERTHY LLLP | BUFFALO, NEW YORK 14201 |
| Firm Name | Address |
| | 716-803-8400 |
| | Phone |
| | vparlato@vanpenlaw.com |
| | E-Mail |

To:  DEFENDANTS

6/6/18